# STATE v. RUFUS BROWN.[1]

April 10, 1952.

No. 35,690.

Frank J. Collins, for appellant.

John F. Bonner, City Attorney, and Leo P. McHale, Assistant City Attorney, for the State.

PER CURIAM.

Defendant was found guilty of violating a city ordinance and sentenced to serve a term of 90 days in the Minneapolis workhouse. He appeals from an order denying his motion for a new trial.

The ordinance under which the prosecution was had, Minneapolis City Charter and Ordinances (Perm. ed.) 37:27, reads:

"Section 1. No person shall, within the limits of the City of Minneapolis (a) offer to secure or secure another for the purpose of prostitution or for any other lewd or indecent act; or (b) loiter in or near any thoroughfare or public or private place for the purpose of inducing, enticing or procuring another to commit prostitution, lewdness, unlawful sexual intercourse, or any other indecent act; or (c) in any manner induce, entice or procure a person who is in any thoroughfare or public or private place to commit any such act; or (d) receive or offer or agree to receive, or carry or offer or agree to carry, any person to or into any place, structure, house, building, or conveyance for the purpose of prostitution, assigna-

[1]Reported in 52 N. W. (2d) 761.

tion, lewdness or other indecent act, or knowingly permit any person to remain there for any such purpose; or (e) in any way aid, abet or participate in the doing of any of the acts or things in this section above mentioned. Any person violating the provisions or any provision of this ordinance shall be arrested and upon conviction thereof before the Municipal Court of the City of Minneapolis be punished by a fine not exceeding one hundred dollars or by imprisonment in the workhouse of the City of Minneapolis for a period not exceeding ninety days."

The case was tried before the court without a jury. The validity of the ordinance is not questioned. The only issue presented upon appeal is whether the evidence sustains the conviction. No useful purpose will be served by a detailed statement of the testimony presented at the trial. It is sufficient to state that after a careful examination of the record before us we are of the opinion that the evidence reasonably supports the trial court's finding against defendant. The credibility of the witnesses and the weight to be given their testimony was for the trier of fact. 6 Dunnell, Dig. & Supp. § 10344.

It follows that the order appealed from should be affirmed.
Affirmed.